UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITE HERE LOCAL 49,<br><br>        Applicant,<br><br>   v.<br><br>DAM KHAN; and Does 1-10,<br><br>        Respondents. | NO. CIV. 2:13-01985 WBS EFB<br><br>ORDER RE: APPLICATION TO CONFIRM LABOR ARBITRATION AWARDS |

----oo0oo----

Applicant UNITE HERE Local 49 filed a grievance against respondent Dam Khan arising out of the termination of two union employees from respondent's restaurant. Applicant obtained two arbitration awards on behalf of those employees under the parties' collective bargaining agreement and now seeks to confirm those arbitration awards pursuant to section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).[1]

---

[1] Respondent has not filed an opposition or responded to plaintiff's motion to confirm the arbitration awards. On October 23, 2013, the Clerk of the Court entered respondent's default. (Docket No. 9.) The court therefore orders this matter submitted

1

The LMRA "authorizes district courts to enforce . . . an arbitration award entered pursuant to a collective bargaining agreement." Sheet Metal Workers Int'l Ass'n Local No. 359 v. Madison Indus. Inc. of Ariz., 84 F.3d 1186, 1990 (9th Cir. 1996). Labor arbitration awards are entitled to a "nearly unparalleled degree of deference." Stead Motors v. Auto. Machinists Lodge, 886 F.2d 1200, 1208 n.8 (9th Cir. 1989) (en banc).  A court must confirm an arbitration award so long as the "arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." So. Cal. Gas Co. v. Utility Workers Union of Am., Local 132, 265 F.3d 787, 792 (9th Cir. 2001) (quoting E. Associated Coal Corp. v. United Mine Workers of Am., 531 U.S. 57, 62 (2000) (internal quotation marks omitted)). "Only where the arbitrator ignores the contract's plain language, choosing instead to dispense his own brand of industrial justice, may [a court] question his judgment." Id. (citing Teamsters Local Union 58 v. Boc Gases, 249 F.3d 1089, 1093 (9th Cir. 2001)).

There is no evidence that the arbitrator ignored the plain language of the parties' collective bargaining agreement. Rather, the arbitrator determined (a) whether the union employees were terminated for just cause, pursuant to Sections 3, 9, and 21 of the Collective Bargaining Agreement, and (b) what the appropriate remedy should be if the employees were not terminated for just cause.  (Appl. to Confirm Labor Arbitration Awards, Ex. B at 2 (Docket No. 1-2).)  The parties agreed to this description

---

on the briefs pursuant to Eastern District Local Rule 230(c) and vacates hearing set for November 4, 2013.

1 | of the issues before the arbitrator, (see id. at 1-2), and
2 | "agreed that the matter was properly before their arbitrator,"
3 | (id. at 1).  The arbitrator then held that respondent lacked just
4 | cause to terminate the union employees pursuant to the collective
5 | bargaining agreement and determined an appropriate remedy.  (See
6 | id. at 15-16; id., Ex. C at 4-5.)
7 |      Because there is no evidence that the arbitrator chose
8 | to "dispense his own brand of industrial justice," the court need
9 | not inquire into the substantive merit of his findings.  So. Cal.
10 | Gas. Co., 265 F.3d at 792.  It is sufficient that the arbitrator
11 | was "even arguably construing or applying" the collective
12 | bargaining agreement.  Id.
13 |      IT IS THEREFORE ORDERED that plaintiff's application to
14 | confirm labor arbitration awards be, and the same hereby is,
15 | GRANTED.
16 | Dated:  October 30, 2013

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE